| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO.<br><br>Court Address:<br>4000 Justice Way<br>Castle Rock, CO 80109<br><hr><br>Plaintiff:   **CAMISHA MOBLEY and TY'AJASA PEPPER,**<br><br>v.<br><br>Defendants: **JEFFREY CLAYTON, FRANKFORD FARMS, LLC and LAEL TRUCKING, LLC.**<br><hr><br>Attorneys for Plaintiff:<br>Sandra L. Hagen<br>Zachary C. Elsner<br>Wilhite, Rose, McClure & Sawaya, P.C.<br>1600 Ogden Street<br>Denver, CO 80218<br>Phone Number: (303) 839-1650<br>FAX Number: (303) 832-7102<br>E-mail: shagen@sawayalaw.com; zelsner@sawayalaw.com<br>Atty Nos: 43080, 44785 | DATE FILED: December 7, 2022 1:03 PM<br>FILING ID: 54E406F3ABF42<br>CASE NUMBER: 2022CV30879<br><br><br>▲COURT USE ONLY▲<br><hr><br>Case No:<br><br><br>Div.:        Ctrm: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiffs, **CAMISHA MOBLEY and TY'AJASA PEPPER** (hereinafter "Plaintiffs") by and through their attorneys, Wilhite, Rose, McClure & Sawaya, P.C., files their Complaint against **JEFFREY CLAYTON, FRANKFORD FARMS, LLC, and LAEL TRUCKING, LLC** (hereinafter "Defendants"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. On or about December 14, 2019, Plaintiffs Camisha Mobley and Ty'Ajasa Pepper were residents of the City of Colorado Springs, County of El Paso, State of Colorado.

2. Upon information and belief, on or about December 14, 2019, the date of the incident complained of, Defendant Jeffrey Clayton was a resident of the City of Louisiana, State of Missouri.

3. Defendant Frankford Farms, LLC (hereinafter "Defendant Frankford Farms") is a foreign limited liability corporation, with its headquarters in Missouri, and its Registered Agent, Neil F. Maune, 2801 St Mary's Ave., Hannibal, MO, 63401.

4. Defendant Lael Trucking, LLC (hereinafter "Defendant Lael") is a foreign limited liability corporation with its headquarters at 15105 Pike 276, Louisiana, MO 63353.

5. Jurisdiction and venue are proper in this action pursuant to C.R.C.P. 98(c) because the subject collision occurred in Douglas County.

## GENERAL ALLEGATIONS

6. The incident occurred at or near northbound Interstate 26 near Mile Marker169 in the County of Douglas, State of Colorado.

7. Upon information and belief, on the date of the incident, Defendant Clayton was driving a truck owned by Defendant Frankford Farms.

8. Upon information and belief, on the date of the incident, Defendant Clayton was a driver for Defendant Lael Trucking, LLC.

9. At the time of the incident, Plaintiff Camisha Mobley was driving a 2005 Buick Rendezvous and Plaintiff Ty'Ajasa Pepper was her front seat passenger.

10. At the time of the incident, Plaintiffs were northbound on I-25 in the number 2 lane. The vehicles in front of Plaintiffs' vehicle were slowing to a stop for a disabled motorist in the same lane. Plaintiff Mobley similarly slowed her vehicle to a stop.

11. At the time of the incident, Defendant Clayton failed to notice the cars slowing and stopping ahead of him and collided with the Plaintiffs' vehicle, causing them to be pushed into the vehicle in front of them, then causing that vehicle to be pushed into the one in front of them (ultimately causing a 4-vehicle collision).

12. At the time of the collision, Defendant Clayton, driving a 2006 Freightliner tractor-trailer, operated the vehicle negligently, recklessly, carelessly and in disregard for the traffic regulations then in effect.

13. Defendant Clayton operated the vehicle negligently, recklessly, carelessly and in disregard for the safety of the Plaintiffs and the public at large.

14. As a direct and proximate result of the negligent operation of Defendant Clayton's vehicle, Plaintiffs suffered injuries, damages and damages and losses.

15. No third party caused or contributed to the cause of the above-referenced motor vehicle collision, as the vehicles ahead of Defendant Clayton were able to notice and appreciate the

fact that traffic was slowing and stopping ahead of them and had managed to do so themselves.

16. Plaintiffs were wearing their seatbelts at the time of the collision.

17. No third party caused or contributed to Plaintiffs' injuries, damages, and losses.

## FIRST CAUSE OF ACTION
### (Negligence Against Defendant Clayton)

18. The allegations contained in paragraphs 1 through 17 above are incorporated herein by reference as if now set forth verbatim.

19. On December 14, 2019, Defendant Clayton was negligent in the operation of his motor vehicle at or near Interstate 25 and Mile Marker 169 in the County of Douglas, State of Colorado.

20. On December 14, 2019, Defendant Clayton owed a legal duty to Plaintiffs to operate his tractor-trailer in a reasonable, non-negligent manner.

21. On December 14, 2019, Defendant Clayton held himself out as a professional truck driver.

22. On December 14, 2019, Defendant Clayton's negligent conduct caused Plaintiffs' injuries, damages and losses.

23. Defendant Clayton thus breached his legal duty owed to Plaintiffs.

24. Defendant Clayton breached his duty by operating the vehicle he was operating negligently.

25. Defendant breached his duty by operating his vehicle recklessly and carelessly.

26. Defendant operated his motor vehicle in disregard of the traffic regulations then in effect.

27. Defendant operated his motor vehicle in disregard of the rights and safety of Plaintiffs and the public at large.

28. As a result of the incident, Plaintiffs suffered injuries, damages, and losses.

29. As a direct and proximate result of the Defendant Clayton's negligence, Plaintiffs have suffered traumatic physical and/or emotional injuries and/or disabilities and/or economical losses and injuries.

30. As a direct and proximate result of the Defendant Clayton's negligence, Plaintiffs have suffered injuries, damages and losses, which may be permanent in nature and losses which the Plaintiffs will continue suffer in the future.

31. As a direct and proximate result of Defendant Clayton's negligence, Plaintiffs have and will continue to endure pain and suffering, loss of enjoyment of life, expenses for the services of doctors and other health care providers and medical supplies, and other such general losses.

32. As a direct and proximate result of Plaintiffs' injuries, Plaintiffs will be prevented from engaging in certain social and recreational activities normal to their lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

### SECOND CAUSE OF ACTION
### (Negligence *Per Se* Against Defendant Clayton)

33. The allegations contained in paragraphs 1 through 32 above are incorporated herein by reference as if now set forth verbatim.

34. The aforementioned acts of negligence were in violation of the applicable statutes and ordinances of the State of Colorado including, but not limited to Violation code 54-158 and CRS 42-4-1402 - Careless Driving and CRS 42-4-1401 – Reckless Driving.

35. The aforementioned statutes, ordinances, and codes were enacted to protect all persons and the general public, such as Plaintiffs, from harm and injury of the type inflicted upon him.

36. As such, the conduct of Defendant Clayton in violating said statutes, ordinances, and codes, constitutes negligence *per se*.

37. As a direct and proximate result of the Defendant Clayton's negligence, Plaintiffs have suffered traumatic physical and/or emotional injuries and/or disabilities and/or economical losses and injuries.

38. As a direct and proximate result of the Defendant Clayton's negligence, Plaintiffs have suffered injuries, damages and losses, which may be permanent in nature and losses which the Plaintiff will continue suffer in the future.

39. As a direct and proximate result of Defendant Clayton's negligence, Plaintiffs have and will continue to endure pain and suffering, loss of enjoyment of life, expenses for the services of doctors and other health care providers and medical supplies, and other such general losses.

40. As a direct and proximate result of Plaintiffs' injuries, Plaintiffs will be prevented from engaging in certain social and recreational activities normal to their lifestyle prior to this

incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

## THIRD CAUSE OF ACTION
### (*Respondeat Superior*/Joint and Vicarious Liability Against Defendant Frankford Farms)

41. The allegations contained in paragraphs 1 through 40 above are incorporated herein by reference as if now set forth verbatim.

42. On the date of the incident complained of, and at all times material hereto, Defendant Frankford Farms was a corporation engaged in the operation of agricultural hauling and other agricultural purposes.

43. On December 14, 2019, and at all times material hereto, Defendant Frankford Farms held out Defendant Clayton as its agent, apparent agent, servant, employee, or a person engaged in performing the corporation's business endeavor and/or the joint venture.

44. Defendant Frankford Farms employed Defendant Clayton as its agent authorized to transport goods and/or chattel from pick-up to drop-off locations.

45. Therefore, on the date of incident, Defendant Clayton was acting within the scope of his employment and/or authority as an agent of Defendant Frankford Farms.

46. Defendant Frankford Farms directed, controlled, or maintained the right to control, and supervised the duties of its agent, apparent agent, servant, joint venturer, or employee in the operation of the subject vehicle described herein, and did so at all times material to this matter, such that Defendant Clayton was acting within the course and scope of his employment with Defendant Frankford Farms, at the time of the incident.

47. On the date of the incident complained of, as Defendant Frankford Farm's agent, apparent agent, servant, joint venturer, or employee, Defendant Clayton was negligent in the operation of the subject vehicle and caused the subject collision.

48. Defendant Frankford Farms in its capacity of principal, master, joint venturer, or employer is vicariously responsible, under respondeat superior, for the negligent acts of Defendant Clayton.

49. As a direct and proximate result of Defendant Clayton's negligent operation of his motor vehicle, Plaintiffs have suffered injuries, damages, and losses as set forth *supra* in paragraphs 37-40.

## FOURTH CAUSE OF ACTION
### (*Respondeat Superior*/Joint and Vicarious Liability
### Against Defendant Lael Trucking, LLC)

50.  The allegations contained in paragraphs 1 through 49 above are incorporated herein by reference as if now set forth verbatim.

51.  On the date of the incident complained of, and at all times material hereto, Defendant Lael Trucking was a corporation engaged in the operation of transportation of goods and/or chattel.

52.  On December 14, 2019, and at all times material hereto, Defendant Lael Trucking held out Defendant Clayton as its agent, apparent agent, servant, employee, or a person engaged in performing the corporation's business endeavor and/or the joint venture.

53.  Defendant Lael Trucking employed Defendant Clayton as its agent authorized to transport goods and/or chattel from pick-up to drop-off locations.

54.  Therefore, on the date of incident, Defendant Clayton was acting within the scope of his employment and/or authority as an agent of Defendant Lael Trucking.

55.  Defendant Lael Trucking directed, controlled, or maintained the right to control, and supervised the duties of its agent, apparent agent, servant, joint venturer, or employee in the operation of the subject vehicle described herein, and did so at all times material to this matter, such that Defendant Clayton was acting within the course and scope of his employment with Defendant Lael Trucking, at the time of the incident.

56.  On the date of the incident complained of, as Defendant Lael Trucking's agent, apparent agent, servant, joint venturer, or employee, Defendant Clayton was negligent in the operation of the subject vehicle and caused the subject collision.

57.  Defendant Lael Trucking, in its capacity of principal, master, joint venturer, or employer is vicariously responsible, under respondeat superior, for the negligent acts of Defendant Clayton.

58.  As a direct and proximate result of Defendant Clayton's negligent operation of his motor vehicle, Plaintiffs have suffered injuries, damages, and losses as set forth supra in paragraphs 37-340.

## JURY DEMAND

Trial to a Jury of at least six (6) persons is demanded on all issues so triable.

**WHEREFORE**, Plaintiffs request that judgment be entered in favor of Plaintiff and against Defendants Clayton, Frankford Farms, LLC, and Lael Trucking, LLC, in an amount to fairly compensate them for the injuries as set forth herein, including but not limited to, court

costs, attorney fees, expert witness fees, pre and post judgment interest, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper and / or Plaintiffs pray for the following relief:

(a) For an amount which will reasonably compensate Plaintiffs for past, present, and future economic loss;

(b) For an amount which will reasonably compensate Plaintiffs for medical expenses, past and future;

(c) For an amount which will reasonably compensate Plaintiffs for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind;

(d) For an amount which will reasonably compensate Plaintiffs for pain and suffering, past and future;

(e) For an amount which will reasonably compensate Plaintiffs for loss of enjoyment of life and / or the capacity of life;

(f) For pre and post judgment interest as provided by statute from the date of each collision which forms the bases of the Complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just.

Respectfully submitted this 7th day of December, 2022.

WILHITE, ROSE, MCCLURE & SAWAYA, P.C.

*/s/ Sandra L. Hagen*
WILHITE, ROSE, McCLURE & SAWAYA, PC
1600 Ogden Street
Denver, CO 80218

Plaintiffs' Address:
c/o Wilhite, Rose, McClure & Sawaya, P.C.
1600 Ogden Street
Denver, CO 80218